*25 Opinion of the Court,
by Judge Mills.
THE complainant below has filed his bill to obtain the land in controversy, by virtue of the following certificate, and a patent issued thereon:
the entry not conformabie to it. Treasury war rants cannot bo laid on notwithsianding the tificate has' cdTy mi stepresentation & fraud, & may !’,e-
c ‘ Mercer .County, Set. October County Court, 1804
“William Shields came into court and claimed a right to two hundred acres of vacant land, in the said county, on the Kentucky river, above Armstrong’s ferry, adj°™nS the lands of John Shields, on his upper side,and Brown and Gamble on their lower side, to extend out and adjoining said lines, and to bind on the rjver for jjie quantity. Satisfactory proof being made to the court, they are of opinion that the said William Shields is entitled to two hundred acres of vacant land, agreeably to the above location, which included his improvement; and it is ordered that the clerk issue a certhereof accordingly.”
The defendants claim it by virtue of a Kentucky 0:®ce warrant, issued in pursuance of the act pass-eel the sixth day of February, 1815, entitled, “an act for appropriating the vacant lands of this commonwealth,” 5 Litt. 266, and a survey made thereon and a patent sued of elder date than that of the plaintiff; and to relieved against the legal title thus obtained, is the object of the bill.
The defendants, in their answer,rely on two grounds: First, that the claim of the- complainant was obtained by him from the county court by fraud and imposition upon the court, and when the complainant had not performed the services, or made the necessary settlement to entitle him to the claim; and secondly, that the complainant had abandoned his claim, and induced the defendants, or one of them, to procure the- warrant and appropriate the land.
The court below dismissed the bill with costs, to reverse which decree, this writ of error is prosecuted.
To enable the defendants to enquire into the legality of the original grant of the certificate, and to prove that it was ¡fraudulently obtained, without having complied with the law, they ought to show themselves in such an attitude at the time, as that their rights were, affected by it. This they have not done. There was no fraud to injure them. If any was practised, if? was upon the -commonwealth, who acknowledges, as all subsequent claimants under her must, the certificate to be conclusive, according to repeated decisitffls of this court, and particularly in the cases of Cates vs. Loftus, 3 Marsh. 202; Loftus vs. Mitchell, 3 Marsh. 596. This defence must, therefore, fail the defendants; and all the proof *27 they have adduced on this subject, must be disregarded as incompetent.
On the second ground, the defendants cannot be more successful. It is ^true, the complainant might have went so far in inducing the defendants to appropriate the land, and thus lead them into a snare, as to cause the chancellor to refuse him any aid; but on this point, the proof fails. There is no testimony that he induced them to get the warrant or appropriate the land. The only proof is, that on the day the defendants surveyed, he showed tiie lines adjoining, and expressed a willingness that the ^defendants should take up the land, and a desire to buy some of it from them, without saying any thing of his own claim; but this he might do, under an ignorance that his own claim was valid, and of the weakness of his adversaries’ title. It is, however, clearly admitted by the defendants, that they then, and long before, knew of his claim. They seem to have determined to appropriate the land without his persuasions, and were proceeding to do so, at the time he used these expressions. He was not, therefore, guilty of deluding them, and the expressions he used, could not strip hitn of the title which he held.
But there are other objections taken to the claim of the plaintiff, at the bar. First, the Survey was not made in due time. This point is not suggested in the pleadings; but as the date of the survey appears on the face of the complainant’s own evidence, it may be noticed by the court. By the examination of an act passed January 4th, 1816, 2 Dig. L. K. 792, andan act passed 14th January, 1819, 2 Dig. L. TL 796, it will be seen, that the plaintiff was allowed to survey on the first of March, 1819, which is the date of his survey, and, therefore, this objection cannot prevail. It is, also, insisted that the claim of the plaintiff has become inferior, by his taking advantage of the indulgence granted for the payment of instalments, and that it is vague on its face, and its calls are not supported by proof. To which it may be answered, that these questions are not made in the pleadings, and if they were apparent, the law gives an answer thereto. By the tenth section of the act under which the defendants’ claim was located, it was provided: “And for quieting litigation, be it further enacted, that all entries heretofore made, and all titles founded upon surveys heretofore made, which, by the laws at *28 the time being, were authorized to be made, shall be deemed superior to surveys made upon warrants obtained by virtue of this act, notwithstanding any alleged vagueness in the entries or certificates on which such surveys were founded, and notwithstanding such surveys may not be made comformable to entry.” This section prevents the claim of the defendants from coming into the list of contest with that of the plaintiff, and it was not necessary for him to show that his claim had complied with the law; the identity thereof, which is admitted in the pleadings, is sufficient. It was the intention of the legislature, to prevent the claims surveyed under treasury warrants, as the defendants’ are, from coming into competition with those previously granted, and from questioning their legality; and they have never been permitted to do so, except where the legislature have, by other acts, permitted them, as in the case of Dallam vs. Handley, 2 Marsh. 418. And in such case, it is necessary for the party claiming, to show by proper allegations and proof, that the claim of the plaintiff is in such situation as permits him to do so, which is not done in this case. If these points had been relied on in the answer, they might have been met and impelled.
The decree, therefore, dismissing the bill, is erroneous, and it ought to have directed the defendants to'convey their legal title to the plaintiff. It must be reversed with costs, .and the cause be remanded, with directions to the court below, to enter a decree conformable to this opinion.